**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA, ex rel.
TERESA JIMENEZ and WILLIAM
FREEMAN,

      Plaintiffs-Appellants/
      Cross-Appellees,

v.

HEALTH NET, INC., as successor in
interest to Foundation Health Systems,
Inc., QualMed, Inc., and Health Systems
International, Inc., and parent corporation
to the named subsidiary defendants;
HEALTH NET OF CALIFORNIA, INC.,
a wholly owned subsidiary of Health Net,
Inc.; HEALTH NET FEDERAL
SERVICES, INC., a wholly owned
subsidiary of Health Net, Inc., successor
in interest to Foundation Health Federal
Services, Inc.; HEALTH NET HEALTH
PLAN OF OREGON, INC., a subsidiary
of QualMed, Inc., a holding company
wholly owned by Health Net, Inc.;
FOUNDATION HEALTH SYSTEMS
LIFE & HEALTH INSURANCE
COMPANY, a subsidiary of FHS Life
Holdings Company; QUALMED, INC., a
subsidiary and holding company wholly
owned by Health Net Inc.; HSI
EASTERN  HOLDINGS, INC., a
subsidiary of Health Net, Inc.; GREATER
ATLANTIC HEALTH SERVICES, INC.,
a subsidiary of HSI Eastern Holdings,

Nos. 03-1424 and 03-1443

Inc.; QUALMED PLANS FOR HEALTH, INC., a subsidiary of Greater Atlantic Health Service, Inc.; QUALMED PLANS FOR HEALTH OF COLORADO, INC., a subsidiary of QualMed, Inc.; QUALMED PLANS FOR HEALTH OF PENNSYLVANIA, INC., also known as King of Prussia Health Plan, a subsidiary of Health Net, Inc.; HSI ADVANTAGE HEALTH HOLDINGS, INC., a subsidiary of Health Net, Inc.; QUALMED PLANS FOR HEALTH OF OHIO AND WEST VIRGINIA, INC., a subsidiary of HSI Advantage Health Holdings, Inc.; QUALMED PLANS FOR HEALTH OF WESTERN PENNSYLVANIA, INC., a subsidiary of HSI Advantage Health Holdings, Inc.,

Defendants-Appellees/
Cross-Appellants.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(District Court No. 99-N-1259 (MJW))**

---

Submitted on the briefs:[*]

Robert P. Goe of Goe & Forsythe, LLP, Newport Beach, California, for Plaintiffs-Appellants/Cross-Appellees.

---

[*] Oral argument was initially scheduled in this case, but vacated per court order of October 14, 2004. After examining the briefs and appellate record, this panel has now determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore submitted without oral argument.

Robert N. Miller and Stephanie E. Dunn of Perkins Coie LLP, Denver, Colorado, for Defendants-Appellees/Cross-Appellants.



Before **EBEL**, **HENRY**, and **WHITE**[**], Circuit Judges.

**HENRY**, Circuit Judge.

Plaintiffs-Appellants/Cross-Appellees Ms. Teresa Jimenez and Mr. William Freeman ("Appellants") have consistently ignored procedural rules and orders, failed at every step to follow even the most basic requirements of filing an appeal with this court, disappeared to the point that their counsel was forced to notify the court that he believed he had been abandoned by his clients, and most recently, failed to meet this court's specific deadline for resurfacing. Because Appellants have failed to prosecute their appeal, we dismiss the appeal sua sponte. We also notify Appellants that we are concerned about the frivolity of the appeal, and thus are contemplating sanctions against Appellants.

The "authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626,

[**] The Honorable Ronald A. White, U.S. District Judge, Eastern District of Oklahoma, sitting by designation.

3

630-31 (1962) (citations and quotation omitted). Dismissal for failure to prosecute should be imposed only after careful exercise of judicial discretion. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). Nevertheless, dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976).

Appellants' failures in this case are chronic. They neither filed their opening brief on cross-appeal nor sought an extension in a timely manner. *See* Docket, Tenth Circuit Court of Appeals, at entries for Dec. 22, 2003 and Feb. 20, 2004. Nevertheless, the clerk of Court granted them an extension. *See id.* at entry for Feb. 20, 2004. Appellants then filed two motions to extend the time to file their opening brief. *See id.* at entries for Feb. 25, 2004 and March 9, 2004. They filed the second of these motions for extension *after* their original extension had already ended. *See id.* at entries for Feb. 20, 2004 and March 9, 2004. After receiving another extension from a panel of this court, *see id.* at entry for March 15, 2004, Appellants filed a deficient opening brief. Its typeface was too small; it included no statement regarding oral argument on its cover or in the brief itself; it included no statement of prior or related cases; the order being appealed from was not attached to its end; and the appendix included no table of contents.[1] *See id.* at entry for

---

[1]We wish to be clear that we are not dismissing this appeal for failure to follow our local rules, particularly with regard to the facial requirements of briefs. *See* FED. R. APP. P. 47(a)(2) ("A local rule imposing a requirement of form must not be enforced in a

March 24, 2004. Appellants later attempted without leave of court to submit a supplemental appendix to their reply brief with nearly 600 pages of documents that should have been submitted with the original appendix. *See id.* at entries for June 10 and 15, 2004.

In addition to this woeful procedural litany, the court received a letter in October 2004 from Appellants' counsel, indicating his belief that he had been abandoned by his clients. *See id.* at entry for Oct. 2, 2004. He had not heard from Appellants in more than a year, despite his written warning to them in August 2004 that he would notify the court of their abandonment if they did not respond to a letter he sent to their last known addresses. We construed counsel's letter to the court as a motion to withdraw, granted the motion, entered an appearance of Appellants pro se, and vacated oral argument. *See id.* at entries for Oct. 14, 2004, and Nov. 8, 2004.

In November 2004, we became concerned that we no longer had Appellants' valid contact information and therefore ordered each Appellant to provide written notice to the court of his or her current address and telephone number. *See id.* at entry for Nov. 24, 2004. We stated clearly that if we did not receive responses to that order by December 13, 2004, we would dismiss the appeal.

Both Appellants failed to comply with our November order. Ms. Jimenez did not

manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement."). We list the deficiencies in Appellants' brief merely to illustrate Appellants' ongoing disregard for the court's time and resources.

5

respond at all, and Mr. Freeman's former counsel notified us of Mr. Freeman's current address in an untimely fashion by way of a letter seeking his reinstatement as counsel. We refuse to accept this late filing by Mr. Freeman's former counsel on behalf of Mr. Freeman. We therefore dismiss the appeal sua sponte as to both Appellants for lack of prosecution as reflected by their failure to respond to our order requiring a timely status report to prevent dismissal. We do so in our "inherent power . . . to manage [our] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31 (citations and quotation omitted). Dismissal of the appeal is a strong sanction to be sure, but it is no trifling matter for Appellants to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absentminded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

Defendants-Appellees/Cross-Appellants ("Appellees") have filed three motions addressing Appellants' failures, each of which is currently pending. The first is a Motion to Dismiss, the second is a Motion for Just Damages and Costs, and the third is a Motion to Strike Portions of the Supplemental Appendix. Appellees indicate in their Motion to Dismiss that they will voluntarily dismiss their cross-appeal if we dismiss the appeal. In reliance on this, we construe Appellees' proposed voluntary dismissal as a Motion to Withdraw the Cross-Appeal, and we grant the motion as construed. Because we are dismissing the appeal, we deny as moot the Motion to Strike Portions of the Supplemental

Appendix.

We are also inclined to grant Appellees' Motion for Just Damages and Costs in the amount of $1,000. Our power to impose sanctions is plenary: "[t]o deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987); *see also* FED. R. APP. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

We are contemplating imposing $1,000 in damages against each Appellant, but not against Appellants' counsel. We note that these damages would have no bearing on any cost bill imposed by the district court. We would base our imposition of damages on the frivolity of the appeal, because our review indicates that "the result is obvious, [and] the appellant's arguments of error are wholly without merit." *Braley*, 832 F.2d at 1510 (internal quotation marks omitted). Appellants were free to file this qui tam action in hopes that the government would intervene and prosecute the case, thereby creating the possibility of recovery for the Appellants under the False Claims Act. *See* 31 U.S.C. §§ 3730(d)(1), (2) (providing relators shall receive a percentage of the proceeds of a successful action, plus reasonable expenses, fees, and costs). But the government's

7

decision not to intervene did not relieve Appellants of their responsibilities as litigants to refrain from stating frivolous claims for which they could not provide admissible support. It seems clear that when the government declined to intervene, Appellants lost interest. Nevertheless, the court has expended its resources determining the best course of action for this appeal. We will do so no longer.

Due process requires us to give Appellants notice that we are contemplating imposing sanctions and an opportunity to respond. *See Braley*, 832 F.2d at 1514 ("The basic requirements of due process with respect to the assessment of costs, expenses, or attorney's fees are notice that such sanctions are being considered by the court and a subsequent opportunity to respond."); *see also* FED. R. APP. P. 38 (requiring court to grant notice and reasonable opportunity to respond before awarding damages and single or double costs to appellee). We hereby give Appellants notice that we are contemplating imposing damages against each of them individually in the amount of $1,000 and we order Appellants to show cause why we should not impose such damages. Appellants' response is due by the close of business on April 1, 2005.

For the foregoing reasons, we **DISMISS** the appeal sua sponte for failure to prosecute, **CONSTRUE** Appellees' Motion to Dismiss Appeal for Failure to File Opening Brief and Failure to Prosecute as a Motion to Withdraw the Cross-Appeal, **GRANT** Appellees' Motion to Withdraw the Cross-Appeal so construed, **DENY** as moot Appellees' Motion to Strike Portions of the Supplemental Appendix that should have

8

been Included in the Original Appendix, and **ORDER** each Appellant to show cause by April 1, 2005 why we should not impose costs against him or her in the amount of $1,000.