**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LISE LANE,

      Plaintiff-Appellant,

v.

SUNOCO, INC., a corporation,

      Defendant-Appellee.

No. 05-5016
(D.C. No. 03-CV-760-E (M))
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **O'BRIEN** , **HOLLOWAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Lisa Lane appeals from the district court's dismissal of her complaint for failure to prosecute and its denial of her postjudgment motion to

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vacate the court's order. We reverse and remand the matter for further proceedings.

## BACKGROUND

Ms. Lane filed a complaint on November 7, 2003, alleging that Sunoco, Inc. terminated her employment in violation of the Employee Retirement Security Income Act of 1974 and Oklahoma state law relating to wrongful discharge and breach of an implied employment contract. Ms. Lane served a discovery request on Sunoco, but she did not respond to Sunoco's interrogatories and requests for production of documents, or its letter asking for a signed release of her confidential Oklahoma Employment Security Commission records.

According to the court's scheduling order, the parties were to exchange witness and exhibit lists on June 30, 2004. When defense counsel conferred with plaintiff's counsel concerning the deadline, the attorneys agreed to postpone the exchange of lists and outstanding discovery requests based on the statement of plaintiff's counsel that he was uncertain whether his client wished to pursue the lawsuit. On July 26, 2004, plaintiff's counsel reported that he had located Ms. Lane, but that he did not know whether she wished to continue the litigation.

Sunoco moved to dismiss the case for failure to prosecute on August 24, 2004. Twenty days later, on September 13, 2004, Sunoco filed a motion to deem its dismissal motion admitted, under Local Rule 7.1 of the Northern District of

Oklahoma. [1] Plaintiff did not respond to either of Sunoco's motions. On September 21, 2004, the district court entered a summary order dismissing the complaint "for failure to prosecute [the] action and for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court." Aplt's App., Tab 6.

Within a week, Ms. Lane asked the court to vacate the order of dismissal under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. At the same time, she provided responses to Sunoco's requests for production of documents. In her motion, she acknowledged her failure to answer her attorney's inquiries and Sunoco's discovery requests. She stated that the case was important to her, but that dealing with her physical and emotional health problems had taken priority over litigation requirements. She claimed that her health had improved to a significant degree and that she had begun to prosecute her case in a responsible manner.

---

[1] N.D. Okla. R. 7.1(f) provides:

> **Unopposed dispositive motions:** If a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional eleven days [beyond the 18 days provided for nondispositive motions, pursuant to N.D.L.R. 7.1(e)], after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or, (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following eleven days after filing.

Sunoco opposed Ms. Lane's motion, pointing out that she had not provided any evidence from a health-care provider suggesting that she had been incapacitated. In fact, her untimely discovery responses indicated that she had been a full-time college student at Tulsa Community College during the course of the litigation. In a written order, the district court recounted the case history and noted that Ms. Lane had not contested the facts that led to dismissal. The order did not discuss prejudice to Sunoco, interference with the judicial process, prior warnings to Ms. Lane, or the possibility of lesser sanctions. The court's conclusion was that Ms. Lane had not raised any arguments justifying a vacation of the order, under either Rule 59(e) or Rule 60(b) standards. This appeal followed the court's denial of Ms. Lane's motion.

## DISCUSSION

The Federal Rules of Civil Procedure permit a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court." Fed. R. Civ. P. 41(b). As this court has explained, "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules," including dismissing the party's case with prejudice or entering judgment against the party. *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003). However, the severe sanction of "[d]ismissal for failure to prosecute should be imposed only

-4-

after careful exercise of judicial discretion." *United States ex rel. Jimenez v. Health Net, Inc*., 400 F.3d 853, 855 (10th Cir. 2005) (*sua sponte* dismissing an appeal for failure to prosecute).

To aid in the exercise of the district court's discretion, this court has consistently required an explicit consideration of five factors. Before terminating a case for failure to prosecute the district court must analyze: "(1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective." *Id.* "Where the district court did not perform a sanction analysis, this Court has . . . reverse[d] the district court's sanction as overly severe." *Reed v. Bennett,* 312 F.3d 1190, 1196 (10th Cir. 2002).

The requisite "analysis is highly fact specific" and the "district court is in a far better position than this Court to judge the culpability of the litigant, the degree of prejudice to the opposing party, and the interference with the court's docket and the judicial process caused by" a failure on the part of a litigant. *Id*. Therefore, this court has never "independently employed the . . . analysis to uphold a district court sanction." *Id.*

In dealing with Ms. Lane's case, the district court did not expressly consider the appropriate factors before dismissing the complaint or denying the

-5-

motion to vacate. Under Tenth Circuit case law, this lack of analysis constitutes an abuse of discretion. Accordingly, we reverse and remand to the district court with directions to vacate its September 21, 2004 order of dismissal and its January 12, 2005 order denying the motion to vacate. On remand, the district court will have the opportunity to supply the required analysis.

Entered for the Court


Bobby R. Baldock
Circuit Judge