FILED
United States Court of Appeals
Tenth Circuit

May 14, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID JACKSON,

       Plaintiff-Appellant,

v.

VERA JACKSON,

       Defendant-Appellee.

No. 09-1519
(D. Colo.)
(D.C. No. 09-CV-2150-ZLW-BNB)

ORDER AND JUDGMENT[*]

Before **MURPHY**, **GORSUCH** and **HOLMES**, Circuit Judges.

Plaintiff-Appellant David Jackson, proceeding pro se,[1] has appealed from the district court's order dismissing his civil action without prejudice for failure to cure certain deficiencies. For the reasons discussed below, we **AFFIRM** the

---

[*]   This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]   Because Mr. Jackson is proceeding pro se, we construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

district court's dismissal and **DENY** Mr. Jackson's motion to proceed on appeal *in forma pauperis*.

Mr. Jackson initiated a pro se civil action in the United States District Court for the District of Colorado by filing a "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" and a "Notice of Removal." Mr. Jackson did not, however, remove any action to that court. The federal magistrate judge issued an order directing the clerk to commence a civil action and directing Mr. Jackson to cure certain deficiencies if he wished to pursue his claims. In particular, the magistrate judge directed Mr. Jackson to file a complaint in conformance with the local rules and to submit a notarized affidavit in support of his motion to proceed *in forma pauperis*. The magistrate judge's order informed Mr. Jackson that if he failed to correct these deficiencies within thirty days, the court would dismiss the action without prejudice.

Mr. Jackson failed to take any corrective action within the specified thirty-day period. Instead, he filed a "Motion to Recuse All Magistrate Judges and Motion for a Jury Trial," a "Motion for Leave to Proceed On Appeal Without Prepayment of Costs or Fees," and a "Certificate of Service." Because Mr. Jackson failed to cure his deficient filings, the district court dismissed the action without prejudice and denied his motions as moot.

Although Mr. Jackson's action was dismissed without prejudice, leaving him free to refile in district court, he sought relief in this court. Mr. Jackson filed

a Notice of Appeal to this court on November 17, 2009, and an Amended Notice of Appeal on December 18, 2009. He also filed with the district court a motion to proceed on appeal *in forma pauperis* pursuant to 28 U.S.C § 1915 and Federal Rule of Appellate Procedure 24. The district court denied Mr. Jackson's motion because it determined that "Plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." R. at 50 (Order, filed Jan. 5, 2010).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *See Moya v. Schollenbarger*, 465 F.3d 444, 448–49 (10th Cir. 2006) (stating that dismissal of entire action without prejudice is a final, appealable order). We review for an abuse of discretion the district court's dismissal without prejudice of Mr. Jackson's action for his failure to cure deficiencies. *See, e.g.*, 8 James Wm. Moore et al., *Moore's Federal Practice* ¶ 41.53 (3d ed. 2007) ("When the dismissal is without prejudice, an abuse of discretion will generally not be found, because the plaintiff may simply refile the suit."); *cf. Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1161–62, 1162 n.2 (10th Cir. 2007) (reviewing for abuse of discretion dismissals under Federal Rule of Civil Procedure 41(b) and stating that dismissal without prejudice "allows the plaintiff another go . . . ; accordingly, a district court may, without abusing its discretion, enter an order without attention to any particular procedures," in contrast to the heightened criteria attendant to a dismissal with prejudice).

On appeal, Mr. Jackson does not attempt to explain his failure to cure the deficiencies and does not contest the district court's dismissal. Instead Mr. Jackson simply restates his substantive claims.[2] Because we have not been presented with a basis for finding that the district court abused its discretion, we affirm its dismissal without prejudice. We would reach this conclusion in any event because a pro se litigant must comply with the rules of procedure, including local rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Mr. Jackson was given the opportunity to cure the deficiencies in his filings and failed to do so. "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). Because the dismissal was without prejudice, Mr. Jackson remains free to refile his civil action in accordance with federal and local rules.

Because we agree with the district court's assessment that Mr. Jackson's appeal lacks a good-faith basis and that he has not presented a reasoned, nonfrivolous argument on appeal, we also deny Mr. Jackson's Motion for Leave

---

[2]    Mr. Jackson has filed a document styled "Motion for [sic] Correct Appellant's Opening Brief and Motion for Supplemental or Amplify [sic] Authority." In an effort to give Mr. Jackson every opportunity to present a viable challenge on appeal, we have considered this document and hereby grant the motions. The contentions that Mr. Jackson advances in this document, however, do not alter our assessment of his legal position on appeal: Mr. Jackson offers us no grounds for finding fault with the district court's dismissal order.

to Proceed on Appeal Without Prepayment of Costs or Fees.  *See* 28 U.S.C. § 1915(a)(3); *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078–79 (10th Cir. 2007).  We direct Mr. Jackson to remit the full amount of the appellate filing fee.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge