**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID JACKSON,

        Plaintiff-Appellant,

v.

VERA JACKSON,

        Defendant-Appellee.

No. 10-1234

(D. of Colo.)

(D.C. No.1:09-CV-02150-ZLW)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

David Jackson, proceeding *pro se*,[1] appeals from the district court's denial

of his Rule 60(b) motion. For the reasons discussed below, we AFFIRM the

district court's decision, DENY Jackson's motion to reconsider his motion to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Jackson is proceeding *pro se*, we construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

supplement the record on appeal, and DENY Jackson's motion to proceed on appeal *in forma pauperis*.

The facts and procedural history of this case are detailed in this court's decision affirming the district court's dismissal of Jackson's claims without prejudice. *See Jackson v. Jackson*, No. 09-1519, 2010 WL 1936258 (10th Cir. May 14, 2010). By way of background, in 2009, Jackson initiated a *pro se* civil action in district court. Upon filing, a magistrate judge issued an order directing 1) the Clerk of Court to commence a civil action, and 2) Jackson to cure several deficiencies in his filings or the action would be dismissed within thirty days. Jackson failed to cure the deficiencies and the district court dismissed the action without prejudice, which this court affirmed. *See id.* at *2.

With the case back in district court, Jackson filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to 1) vacate the magistrate judge's procedural order, and 2) reinstate the complaint with an opportunity to amend. The district court denied his motion in a minute order and Jackson appealed.

"We review a district court's denial of a Rule 60(b) motion for an abuse of discretion." *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004) (citation omitted). "Given the lower court's discretion, the district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred below." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (citation omitted).

On appeal, Jackson does not attempt to explain why he failed to cure the deficiencies in his original filing with the district court. The relief Jackson seeks—reinstating his complaint with an opportunity to amend—is within his own control. Jackson remains free to re-file his civil claim in accordance with the federal and local rules because his action was dismissed without prejudice. The appropriate course of action is to cure the deficiencies in his district court filings, not to file a Rule 60(b) motion. Thus, the district court did not abuse its discretion in denying Jackson's Rule 60(b) motion.

Jackson fails to present a reasoned, non-frivolous argument on appeal and thus we DENY his application to proceed on appeal *in forma pauperis*. We also DENY his "Petition For Rehearing This Court's September 8, 2010 Order Denying The Appellant [*sic*] Request To Supplement The Record." As stated in the September 8, 2010 order in this case, Jackson's motion to supplement is moot because the record on appeal already contains the documents he seeks to include as a supplement.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-3-