**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTONE LAMANDIGO KNOX,
a/k/a ANTION L. KNOX,

        Petitioner-Appellant,

    v.

DR. JOANN MORGAN, Clinical
Coordinator, RANDALL G.
WORKMAN, Warden, BOBBY
BOONE, Deputy Director, SUE A.
FLEMING, Executive Officer, TERRI
WHITE, Commissioner, OSCAR B.
JACKSON, Secretary-Administrator,
KEVIN WARD, Secretary of Safety
and Security, DREW EDMONDSON,
Attorney General, ERIC HOLDER,
United States Attorney General,
HILLARY RODHAM CLINTON,
United States Secretary of State,
DEAN McDANIEL, Regional
Administrator, JUSTIN JONES,
Director of the Department of
Corrections, JAMES THOMAS, Case
Manager, DEBRA ALDRIDGE, Unit
Manager, LINDA MORGAN, Deputy
Warden, BRAD HENRY, Governor,
and GREGORY PYLE, Choctaw
Chief,

        Respondents-Appellees.

No. 11-6245

(W.D. of Okla.)

(D.C. No. CV-10-01274-W)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

    [*] This order is not binding precedent except under the doctrines of law of

(continued...)

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Antone Knox seeks a certificate of appealability (COA) to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Because the district court correctly dismissed Knox's petition without prejudice, we DENY the application for a COA and DISMISS the appeal.

Knox is an Oklahoma state prisoner. He initiated this action by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the district court. The matter was assigned to a magistrate judge, who interpreted Knox's lengthy and confusing petition as raising two claims: first, that his due process rights were violated by placement in administrative segregation without a hearing and in a mental health unit without a court order or medical evaluation, and second, that his Eighth Amendment rights were violated when he was assaulted, raped, and denied medical treatment. The magistrate judge informed Knox that his claims should properly be filed under 42 U.S.C. § 1983 as a civil

[*](...continued)
the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

rights action and provided Knox with the proper form and instructions to make such a filing.

But despite repeated orders by the magistrate judge to refile his petition as a § 1983 action, repeated extensions of his filing deadline, and warnings that failure to comply with court orders would result in dismissal, Knox did not file a § 1983 action and instead filed several new pleadings on his original habeas petition. The magistrate judge ultimately dismissed Knox's petition without prejudice for failure to comply with the court's orders. Upon de novo review, the district court adopted the magistrate judge's recommendation and dismissed Knox's petition. Knox then filed this appeal, along with a motion to proceed *in forma pauperis*.

Because Knox is a state prisoner, before he may appeal the district court's dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867–69 (10th Cir. 2000). The district court dismissed Knox's petition on procedural grounds without reaching his underlying constitutional claims, so to obtain a COA, Knox must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Knox has made no such showing as to the second prong of this analysis.

Knox argues on appeal that dismissal of his petition was improper, claiming that it was properly brought under § 2254 because he sought release from the mental health unit, into which he was placed without a hearing or other process. We disagree. Given that Knox did not challenge the fact or duration of his confinement, merely the conditions, this conclusion is amply supported by applicable law. *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (finding it "well settled" that condition-of-confinement claims must be brought under § 1983 rather than in a habeas petition).

Knox also claims on appeal that he attempted to file a § 1983 complaint, but that prison officials destroyed his mail. Although this would be troubling if true, this seems unlikely given that Knox was able to file his habeas petition, appeal, and numerous related pleadings without apparent difficulty. It is unclear, moreover, if he made this claim in the district court. Finally, the magistrate judge had clear authority to dismiss Knox's petition without prejudice given his repeated failure to comply with court orders. *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

Because Knox has not shown that reasonable jurists would debate whether the district court properly dismissed his action, we affirm its dismissal. As the dismissal was without prejudice, Knox is free to refile his action in accordance with federal and local rules.

Knox is unable to proceed *in forma pauperis* if the trial court certifies in writing that his appeal was not taken in good faith, as it did here. 28 U.S.C. § 1915(a)(3). Although we might grant Knox leave to proceed *in forma pauperis* on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(5), *see Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078–79 (10th Cir. 2007), we agree with the district court's assessment that Knox's appeal lacks a good-faith basis because he is unable to present a reasoned, nonfrivolous argument in support of his claim on appeal. *Id.* Accordingly, we also deny Knox's motion for leave to proceed *in forma pauperis*.

We DENY the application for a COA and DISMISS this appeal. We also DENY Knox's motion to proceed *in forma pauperis* on appeal and order him to pay the full amount of the filing fee. We remind him of his obligation to pay the filing fee even on an appeal that has been dismissed. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge