FILED
United States Court of Appeals
Tenth Circuit

November 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTONE LAMANDINGO KNOX,

      Petitioner - Appellant,

v.

JANNA MORGAN, Clinical Coordinator,
and RANDALL G. WORKMAN,
Warden,

      Respondents – Appellees.

No. 12-6181
(D.C. No. 5:12-CV-00446-W)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

      Antone Lamandingo Knox, an Oklahoma state prisoner, appearing pro se,[1] seeks

to appeal the district court's dismissal of his 28 U.S.C. § 2241 habeas petition.  Such an

appeal requires a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA to appeal a final order in a proceeding under § 2241); *Montez v.*

_____

    * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Knox is proceeding pro se, we construe his pleadings liberally.  *See*
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "[T]his rule of liberal construction stops,
however, at the point at which we begin to serve as his advocate." *United States v.*
*Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

*McKinna*, 208 F.3d 862, 868-69 (10th Cir. 2000). Mr. Knox also requests leave to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

Mr. Knox has filed two previous habeas corpus actions based on the same allegations regarding his prison conditions and his placement in the mental health unit of the Oklahoma State Penitentiary. *See Knox v. Morgan*, No. CIV-10-1274-W, 2011 WL 4007342 (W.D. Okla. Sept. 8, 2011) (unpublished); *Knox v. Workman*, No. CIV-12-260-C, 2012 WL 1158759 (W.D. Okla. Apr. 6, 2012) (unpublished). Both actions were dismissed as improper because they related to prison conditions and not the fact or duration of confinement. "It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*—not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (citations omitted).

Upon the first filing, the district court advised Mr. Knox that given the nature of his complaint and the relief he requested, his claims were not cognizable under 28 U.S.C. § 2241 and must be brought as a civil rights action pursuant to 42 U.S.C. § 1983. *See Knox v. Morgan*, 2011 WL 4007342 at *1. Mr. Knox was twice provided the proper form for filing a § 1983 claim, with instructions regarding the requirements of Rule 8 of the Federal Rules of Civil Procedure. After twice failing to comply, his action was dismissed without prejudice. *See id.* at *2. Mr. Knox appealed to this court, and we

affirmed the dismissal, explaining that the request for release from the mental health unit was not cognizable in a habeas proceeding because it related to prison conditions, rather than the fact or nature of his confinement. *Knox v. Morgan*, 457 Fed. Appx. 777, 779-80 (10th Cir. 2012) (unpublished).

Approximately six weeks after we affirmed dismissal of his first habeas petition, Mr. Knox filed a second § 2241 habeas petition containing largely the same complaints. On April 6, 2012, the district court dismissed the petition as improper, again explaining that his claims related to prison conditions rather than a challenge to the execution of a sentence and therefore could not be brought under a habeas proceeding. *Knox v. Workman*, 2012 WL 1150834 at *2-3. On April 16, 2012, the district court declined Mr. Knox's request for a COA.

On April 23, 2012, Mr. Knox filed yet another § 2241 petition in the same district court, alleging he had been involuntarily committed to the prison's mental health unit in violation of his due process rights. The district court summarily dismissed the petition with the same explanations. Mr. Knox filed a notice of intent to appeal, which the district court construed as a request for a COA and denied the request. It also denied leave to proceed *ifp*, finding that Mr. Knox could not present a reasoned, nonfrivolous argument on the law and facts in support of the issues to be raised on appeal. Therefore, any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Because the district court dismissed Mr. Knox's petition on procedural grounds without reaching the merits, we may grant a COA only if Mr. Knox demonstrates "that

-3-

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the . . . court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After careful review of the record and for the same reasons described above, we conclude that Mr. Knox has failed to show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. We also agree that Mr. Knox has not presented a reasoned, nonfrivolous argument on appeal.

We therefore deny Mr. Knox's application for COA and his petition for leave to proceed *ifp*, and we dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge