**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ART PRICE,

      Plaintiff - Appellant,

v.

[NO DEFENDANTS NAMED],

      Defendants - Appellees.

No. 13-1099

(D. Colorado)

(D.C. No. 1:13-CV-00099-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

      Plaintiff Art Price, a Colorado prisoner proceeding pro se, appeals the

dismissal of his claims under 42 U.S.C. § 1983 by the United States District Court

for the District of Colorado. We have jurisdiction under 28 U.S.C. § 1291 and

affirm.

      Price filed his complaint in January 2013, apparently trying to allege that

he had been denied proper medical and mental-health treatment in prison. On

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the party's request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

January 17 the magistrate judge ordered Price to cure certain deficiencies in the form of his complaint. The order also noted that although the complaint included a request to proceed *in forma pauperis* (IFP), it omitted required supporting documents—a certified copy of Price's prisoner trust-fund statement for the six months preceding the filing of the complaint, *see* 28 U.S.C. § 1915(a)(2), and an authorization to calculate and disburse filing-fee payments, *see id.* § 1915(b)(1), (2). It warned that the action would be dismissed without prejudice and without further notice if the deficiencies were not cured within 30 days. At the expiration of the prescribed time, Price had filed a motion for a change of venue but had not attempted to cure the deficiencies noted in the magistrate judge's order. Accordingly, on February 22 the district court dismissed the complaint without prejudice under Fed. R. Civ. P. 41(b), which authorizes dismissal for failure to comply with a court order.

"We review for abuse of discretion a district court's dismissal for failure to comply with a court order." *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). Price was given ample notice and opportunity to cure the deficiencies in his complaint and request to proceed IFP. He has not alleged that he was denied access to the necessary forms or materials or was otherwise unable to comply with the magistrate judge's

order.  The district court did not abuse its discretion in dismissing the complaint without prejudice.

We AFFIRM the district court's judgment and DENY Price's motion to proceed IFP on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge
