FILED
United States Court of Appeals
Tenth Circuit

August 5, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

COALIN JOSHUA HUME,

    Plaintiff - Appellant,

v.

THE PEOPLE OF THE STATE OF
COLORADO,

    Defendant - Appellee.

No. 20-1179
(D.C. No. 1:20-CV-00370-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Like many courts, the District of Colorado requires the use of a

court-approved form for the complaint when the plaintiff appears in forma

pauperis. D. Colo. Civ. R. 8.1(a). Mr. Coalin Hume obtained leave to

proceed in forma pauperis, but he failed to use the court-approved form,

_____

[*]    We conclude that oral argument would not materially help us in
deciding the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).
So we have decided the appeal based on the record and the parties' briefs.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R.
32.1(A).

leading the district court to dismiss the action without prejudice. We affirm.

Rather than use the court-approved form for a complaint, Mr. Hume filed a notice of intent to sue, stating that he wanted to sue the state based on the Department of Corrections' imposition of a tax on stamps. The magistrate judge ordered Mr. Hume to file a complaint on the court-approved form, telling him how to obtain the form and warning that failure to timely comply would result in dismissal without prejudice.

In the next month, Mr. Hume filed various documents, but none consisted of a complaint or a court-approved form. But rather than dismiss the action, the district court provided Mr. Hume with extra time to file a complaint on the court-approved form, warning again that failure to timely comply would result in dismissal. Mr. Hume again failed to file a complaint or use a court-approved form, so the district court dismissed the action without prejudice.

In reviewing the dismissal, we apply the abuse-of-discretion standard. *Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998). Applying this standard, we conclude that the district court acted within its discretion. The court could require Mr. Hume to follow the local rules even though he lacked an attorney. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). And when Mr. Hume failed to comply, the court had the

2

discretion to order dismissal. *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

We recognize that Mr. Hume had no attorney and appeared genuinely confused by what to do. But the district court did all that it could, using straightforward language, explaining what Mr. Hume needed to do, identifying the website for the forms, and suggesting contact with his case manager. When Mr. Hume failed to timely comply, the court gave him another chance and more than four weeks to fix his mistake. In these circumstances, the court could appropriately exercise its discretion by dismissing the action without prejudice.

In his appeal brief, Mr. Hume also raises new issues involving illegal incarceration. But he did not raise these claims in district court. And even if he had asserted these claims in district court, his failure to comply with the district court's order would have required dismissal of these claims, too. So the court did not err in ordering dismissal.

While this appeal has been pending, Mr. Hume filed a "Brief to Notice of Intent," a "Personal Restraint Petition," and two "Briefs to Notice of Intent to Sue." These documents assert claims other than the one asserted in district court. Mr. Hume cannot appeal a ruling on one claim and initiate new claims in the course of that appeal. *See Woodmen Accident & Life Ins. Co. v. Bryant*, 784 F.2d 1052, 1056 (10th Cir. 1986). As a result, these submissions do not affect our review of the dismissal.

3

Though we affirm the dismissal, we grant leave to proceed in forma pauperis.

The dismissal moots four of Mr. Hume's other motions:

1.      motion to subpoena adverse evidence,

2.      motion to subpoena evidence,

3.      motion to request evidential hearing, and

4.      motion to subpoena.

These motions are denied as moot.

Mr. Hume also moves for an order requiring transcripts. This motion apparently related to a state-court order requiring service of transcripts. Mr. Hume apparently filed the motion in the wrong court. The requirement for transcripts is apparently being litigated in state district court, not our court. So we deny the motion without prejudice to refiling in the appropriate court.

Entered for the Court


Robert E. Bacharach
Circuit Judge