**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JEREMIAH CASPER,

    Plaintiff - Appellant,

v.

LOU VALLARIA; JIM MEYER; JAMES
BRASSFIELD; JAMES ROE; NICK
NELSON; HAMMOND, Deputy;
CASSELMAN, Deputy; BLACKWELL,
Deputy; JONATHON GODES, Mayor,

    Defendants - Appellees.

No. 23-1327
(D.C. No. 1:23-CV-00944-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

Jeremiah Casper, a Colorado state prisoner appearing pro se, filed a lengthy

civil rights complaint asserting approximately twenty-six claims against various

individuals employed at or connected to the Garfield County Jail in Glenwood

Springs, Colorado.  Although the first few pages of the complaint included a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court-approved prisoner complaint form, Casper did not complete most of the sections of the form. Instead, Casper attached to the form various exhibits as well as numerous pieces of loose-leaf paper that detailed, at length, his civil rights claims.

Both the magistrate judge and the district court directed Casper to refile his complaint. More specifically, both the magistrate judge and the district court directed Casper to utilize and complete a court-approved prisoner complaint form and to attach additional pages as needed to complete the sections of the approved form. Casper refused to do so, arguing that he had chosen the format of his original complaint for strategic reasons. Casper asked the district court to serve the original complaint on the named defendants and to allow the case to proceed. The district court declined Casper's request and dismissed the case without prejudice due to Casper's failure to refile his complaint on a court-approved prisoner complaint form.

Casper now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court and deny Casper's motion for leave to proceed in forma pauperis on appeal.

I

On April 14, 2023, Casper initiated these federal proceedings by filing a pro se prisoner complaint asserting claims pursuant to 42 U.S.C. § 1983. The complaint alleged that Casper was a "[c]onvicted and sentenced state prisoner" who was confined at a correctional facility in Sterling, Colorado. ROA at 6. Although the first six pages of the complaint were on a court-issued form, that form was largely incomplete. For example, in the section of the form titled "STATEMENT OF

CLAIM(S)," Casper handwrote: "See attatched [sic] 'Claims Suffered' 1–26." *Id*. at 8. The remaining one-hundred-forty-nine pages of the complaint were a combination of blank pieces of paper containing Casper's handwriting and copies of various supporting documents. The handwritten pages alleged that "[a]ll action(s) accrued within the Garfield County jail in Glenwood Spgs, Colorado, between Aug 2020– June 2021." *Id*. at 13. The handwritten pages in turn listed as defendants the "Garfield sheriff's department," the "Glenwood Spgs mayor encumbent [sic]," "[a]ll sheriff dept employees, acting under color of law," the "Garfield sheriff encumbent [sic]," the "Garfield jail commander encumbent [sic]," three "[j]ail based deputies," and three sheriff's deputies. *Id*. The handwritten pages proceeded to detail twenty-six claims "alleg[ing] constitutional deprivations suffered 'patternistically' [sic] within the Garfield county jail" while Casper was "in pre-sentence confinement." *Id*. at 14. These included, for example, claims that the jail staff refused to wear masks to mitigate Covid-19 transmission, claims of excessive use of force by jail staff, and claims challenging various conditions of confinement. Along with his complaint, Casper also filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion for appointment of counsel.

On April 17, 2023, the magistrate judge assigned to the case issued an order directing Casper to cure certain deficiencies in his § 1915 motion and in his complaint. The order noted that Casper's § 1915 motion was not on a court-approved form and was also missing a "certified copy of [Casper's] trust fund statement for the 6-month period immediately preceding th[e] filing" and "authorization to calculation

3

and disburse filing fee payments." *Id*. at 379.  As for Casper's complaint, the order

noted that it failed to provide "addresses . . . for all defendants/respondents." *Id*.

The order further stated:

> Plaintiff must submit a complete prisoner complaint on the
> court-approved form.  Plaintiff cannot submit a court-approved prisoner
> complaint with minimal information and then state, "see attached," and
> set forth claims and factual allegations in a separate format from the
> court-approved form.  Instead, a complete prisoner complaint, with all
> of the pages, claims, factual allegations, request for relief, and
> information must be submitted in one complete document on the
> court-approved form.

*Id*.  The order directed Casper to cure the identified deficiencies within thirty days

from the date of the order.

On May 24, 2023, Casper filed a combined motion to modify the magistrate

judge's April 17, 2023 order and to exceed the page limitations for his complaint.  In

the motion, Casper argued that "the 'court approved' complaint form d[id] not have

adequate space to introduce [his] singular complaint composed of 26 seperate [sic]

claim(s) suffered from the same defendants, within the same relative time period over

some 10+ months time."  *Id*. at 383.  Casper further argued that the format of his

complaint, which included an introduction, various indexes, and exhibits, was "by

planned design" intended to provide him with "a strategic legal advantage."  *Id*. at

385.  Casper also argued that his complaint "offer[ed] extensive evidence [that] relief

'c[ould] be' granted and therefore should not be dismissed accordingly."  *Id*. at 386.

On that same date, Casper also filed an amended complaint.  The amended

complaint, similar to the original complaint, was comprised of a six-page court-

approved "PRISONER COMPLAINT" form that was mostly incomplete and twelve handwritten pages attached to the form outlining Casper's twenty-six claims for relief.

On July 3, 2023, the magistrate judge issued an order granting Casper leave to proceed in forma pauperis pursuant to § 1915.

On July 19, 2023, the district court issued an order denying Casper's "request that he not be required to use the court-approved Prisoner Complaint form." *Id*. at 419. The district court concluded in its order that the amended complaint that Casper "filed on May 24, 2023 d[id] not comply with the" magistrate judge's "April 17, 2023 Order because [Casper] simply state[d] 'see attached' on the sections of the court-approved form and then attache[d] his own document, which ha[d] different formatting and information compared to the court approved form." *Id*. at 421. The district court "warned" Casper "that he must use the court-approved prisoner complaint form and not include additional sections that [we]re not part of the court-approved form." *Id*. at 421. The district court granted Casper "permission to exceed the [normal] page limitation" on prisoner complaints, but noted that any amended complaint should "not exceed forty-five (45) pages." *Id*. The district court advised Casper that he had thirty days from the date of the order "to comply with the [court's] directives" and the magistrate judge's April 17, 2023 order directing him to cure the deficiencies in his original complaint. *Id*. at 422. The district court also advised Casper that if he "fail[ed] to cure the deficiencies as directed within the time allowed, the action w[ould] be dismissed without further notice." *Id*.

5

Casper did not file an amended complaint curing the deficiencies identified by the district court.  Instead, on August 17, 2023, Casper filed a fifteen-page response to the district court's July 19, 2023 order.  Casper argued that "[t]he circumstances and chronology in events" in the case and in a prior case that Casper filed in the district court "clearly demonstrate[d] . . . a pattern of retaliation if not blatant judicial misconduct from" the district court "to deny [Casper's] constitutionally protected access to the court as a public forum, and file [his] complaint so that it [could] proceed to judgment." *Id*. at 435.  Casper asked the district court to allow the amended complaint he filed on May 24, 2023, to "be served right away to the defendants to mitigate the arbitrary delays in justice." *Id*. at 437.

On September 20, 2023, the district court issued an order of dismissal.  The order recounted the procedural history of the case and concluded as follows:

> Plaintiff has failed to follow Court Orders and failed to cure the deficiencies as directed by the Court.  He has failed to include all of his claims, supporting factual allegations, and requests for relief on the court-approved prisoner complaint form.  Even after his request to be excused from using the court-approved prisoner complaint form was denied, Plaintiff failed to follow the directives of the Court.  Plaintiff acted in a similar pattern in a previous action in this Court.  See Casper v. Pitkin County Sheriff's Office, 23-cv-00508-LTB at ECF No. 17 (June 28, 2023) (dismissed for failure to cure deficiencies and follow court orders).  Plaintiff was previously warned that "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." ECF No. 15 at 5–6 (citing *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005)).

> Plaintiff has failed to cure the deficiencies as directed, and he has failed to follow numerous court orders to use the court-approved prisoner complaint form and to include all of his claims, supporting factual allegations, and requests for relief on the court-approved form.

6

> Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies and failure to follow court orders.

*Id*. at 442–443.  The district court "certifie[d] pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from [its] order would not be taken in good faith and therefore in forma pauperis status w[ould] be denied for the purpose of appeal."  *Id*. at 443.

Final judgment was entered on September 20, 2023.  Casper thereafter filed a timely notice of appeal.  Casper has since filed with this court a motion for leave to proceed in forma pauperis on appeal.

II

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to . . . comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see Link v. Wabash R. Co.*, 370 U.S. 626, 630–32 (1962) (holding that a district court has inherent power to sua sponte dismiss a case pursuant to Rule 41(b)).  We review such a dismissal for an abuse of discretion.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  If the dismissal is with prejudice, a district court "must first consider certain criteria."  *Id*. at 1162.  But where, as here, the dismissal was without prejudice, the "district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  *Id*.

After reviewing the record on appeal in this case, we conclude that the district court did not abuse its discretion in sua sponte dismissing Casper's complaint without prejudice pursuant to Rule 41(b).  The district court advised Casper, well before

7

dismissing his complaint without prejudice, that the district court's local rules "require[d] pro se litigants . . . to use the Court-approved forms found on the [district] [c]ourt's website." ROA at 420 (citing D.C. Colo. L. Civ. R. 5.1(c)). The local rule cited by the district court, titled "Formatting and Filing of Pleadings and Documents and Maintenance of Contact Information by an Unrepresented Prisoner or Party," states, in relevant part, that "an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website" and that "[i]f the unrepresented party is a prisoner and is unable to access the website, on request the clerk shall provide copies of necessary procedures, forms, and instructions." D.C. Colo. L. Civ. R. 5.1(c). Casper does not dispute the existence of this rule or its applicability to his situation. Nor does he offer any reasoned argument that would persuade us that the rule should not be applied in his case. Although Casper argues in favor of the format he selected for his original and amended complaints, our review of those pleadings persuades us that the presumed underlying purpose of the local rule, to require the use of court-approved forms in order to help organize and streamline pro se pleadings and, in turn, to facilitate the district court's efficient review of those pleadings, is certainly applicable here. Because Casper refused to comply with the local rule and file an amended complaint utilizing the court-approved form, the district court acted well within its discretion in dismissing the action without prejudice.

III

The judgment of the district court is AFFIRMED.  Casper's motion to proceed

in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge