FILED
United States Court of Appeals
Tenth Circuit

August 20, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SCOTT SHAWN KOSTEROW,

Plaintiff - Appellant,

v.

THE UNITED STATES MARSHAL'S
SERVICE; DAVE WEAVER, Douglas
County Sheriff; DOUGLAS COUNTY
SHERIFFS OFFICE; DOUGLAS
COUNTY JAIL; DOUGLAS COUNTY
JAIL KITCHEN STAFF, et al.,

Defendants - Appellees.

No. 09-1225
(D. Ct. No. 1:09-CV-00693-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Plaintiff-appellant Scott Kosterow is a prisoner in the custody of the state of

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Colorado.  The district court dismissed his pro se civil rights action without prejudice because he did not use the proper, court-approved filing form for prisoners and because he did not submit the filing fee or adequately support his request for in forma pauperis status.[1]  Mr. Kosterow appeals.  We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM the district court's dismissal without prejudice.

## I.  BACKGROUND

Mr. Kosterow initiated this action by submitting to the district court a document entitled "Petition for Relief."  On March 30, 2009, the magistrate judge issued an order explaining that Mr. Kosterow had failed to use the court-approved filing form for prisoners and had failed to either pay the $350 filing fee or submit a fully supported motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.  The order warned Mr. Kosterow that he must correct these deficiencies within thirty days or the action would be dismissed without prejudice.

On April 7, Mr. Kosterow applied for in forma pauperis status but did not attach a certified account statement as required by 28 U.S.C. § 1915(a)(2).  In addition, rather than re-filing his complaint on a proper form, Mr. Kosterow wrote a letter to the court

---

[1]The text of the district court's order recites the incorrect name, referring to the plaintiff-appellant as "Shawn P. Williams."  The caption on the order, however, reflects the correct name and case number, as does the caption on the accompanying judgment. In addition, the substance of the order, which includes detailed information about the action's procedural history, clearly indicates that the district court understood Mr. Kosterow to be the plaintiff.  We further note that Mr. Kosterow makes no claim on appeal that the district court confused his action with that of Mr. Williams's.  We therefore construe the mistakes in the order to be merely typographical errors.

requesting "leave to continue the complaint as filed." Mr. Kosterow explained that he did not have copies of the exhibits attached to his original complaint, and that he did not "have the resources available to me" because the defendants had frozen his accounts and denied him access to paper and envelopes.

On May 18, the district court issued an order of dismissal and an accompanying judgment. The court dismissed Mr. Kosterow's complaint without prejudice based on his failure to use the proper court form and his failure to meet the procedural requirements of § 1915(a)(2). Mr. Kosterow appeals.

## II. DISCUSSION

The district court did not abuse its discretion in dismissing Mr. Kosterow's complaint. Local Civil Rule 8.2(A) for the District of Colorado states, "[a] pro se prisoner shall use the forms established by this court to file an action. Upon request, the clerk shall provide copies of the necessary forms and instructions for filing an action." D. Colo. L. Civ. R. 8.2(A). "We review a district court's application of its local rules for an abuse of discretion." *Amundsen v. Jones*, 533 F.3d 1192, 1197 (10th Cir. 2008). The district court has considerable latitude in interpreting and applying its local rules. *See Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009) ("[C]onsiderable deference is accorded to the court's interpretation and application of its own rules of practice and procedure.") (quotations and alterations omitted). In addition, courts generally defer to a district court's decision to dismiss a case without prejudice, because the plaintiff is able to re-file. *See* 8 James Wm. Moore et al., *Moore's Federal Practice* ¶ 41.53 (3d ed. 2007)

("When the dismissal is without prejudice, an abuse of discretion will generally not be found, since the plaintiff may simply refile the suit.").

In this case, the court acted well within that broad discretion in dismissing Mr. Kosterow's claims. "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). The district court advised Mr. Kosterow of the deficiency in his complaint and gave him thirty days to cure the deficiency. Rather than re-filing on the proper form, Mr. Kosterow sent a letter to the court asking for leave to stand on his initial complaint. While Mr. Kosterow alleges that he was denied access to certain materials, he has not alleged that he was denied access to the proper complaint form. His other stated concern—that he did not have copies of the exhibits attached to his first complaint—should not have prevented him from re-filing on the proper form. Mr. Kosterow should have properly re-filed the complaint and then sought access to the exhibits. The district court therefore did not abuse its discretion in dismissing the action without prejudice, based on a violation of its local rules. Having made that determination, we need not address whether Mr. Kosterow might have been entitled to in forma pauperis status in pursuing his claims.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal without prejudice of Mr. Kosterow's complaint. Mr. Kosterow is advised to use the proper forms if he elects to re-file the complaint. His motion for appointment of counsel is DENIED.

His motion to proceed without prepayment of the appellate filing fee is GRANTED. Mr.

Kosterow is reminded of his continuing obligation to make partial payments until the

entire fee has been paid.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge