FILED
United States Court of Appeals
Tenth Circuit

**March 5, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER N. GEORGACARAKOS,

    Plaintiff-Appellant,

v.

HARRELL WATTS; DOCTOR
BAXTER; HARLEY LAPPIN,

    Defendants-Appellees.

No. 10-1004

(D.C. No. 09-cv-01648-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,
therefore, submitted without oral argument.

Peter Georgacarakos, a federal prisoner appearing pro se, appeals the
dismissal of his civil rights action. The district court dismissed this action

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

without prejudice because he failed to use the proper court-approved filing form in compliance with the district court's local rules. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Georgacarakos is currently housed at the United States Penitentiary Administrative Maximum Facility in Florence, Colorado. On November 11, 2008, Georgacarakos filed this Bivens[1] action against various officials in the Bureau of Prisons, alleging claims of religious discrimination, Eighth Amendment violations, and conspiracy to violate his civil rights.[2] On July 16, 2009, the magistrate judge ordered Georgacarakos to file an amended complaint using the proper court-approved form, as required by Local Rule 8.2(A). The magistrate judge instructed Georgacarakos that if he failed to cure the deficiency within 30 days, the action would be dismissed. On August 20, 2009, Georgacarakos filed a motion for an extension of time to correct the deficiency, which the magistrate judge granted, allowing Georgacarakos to file a corrected pleading by September 23, 2009.

Rather than file his complaint using the proper form, on September 1, 2009,

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Georgacarakos originally filed this action in the United States District Court for the District of Columbia, but it was subsequently transferred to the District of Colorado.

Georgacarakos filed a motion to join this action with <u>Georgacarakos v. Wiley</u>, No. 07-cv-01712 (D. Colo., filed Aug. 14, 2007). The next day, the district court denied that motion and reminded Georgacarakos that he was required "to file an amended complaint on the proper form approved for use by prisoners in this court." ROA at 45. Georgacarakos never filed an amended complaint on the proper form, and on October 22, 2009, the district court dismissed the action without prejudice. Georgacarakos subsequently filed motions for reconsideration, which the district court denied. This timely appeal followed.

II

We review for an abuse of discretion the district court's dismissal of a case for failure to comply with local rules. <u>See</u> <u>Murray v. Archambo</u>, 132 F.3d 609, 610 (10th Cir. 1998). Because Georgacarakos is proceeding pro se, we construe his pleadings liberally; nevertheless, he "must follow the same [local district court] rules of procedure that govern other litigants." <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992). Local Rule 8.2(A) requires pro se prisoners to file an action using court-approved forms. <u>See</u> D. Colo. L. Civ. R. 8.2(A). Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply."

The district court did not abuse its discretion in dismissing this action without prejudice. "[D]ismissal is an appropriate disposition against a party who

3

disregards court orders and fails to proceed as required by court rules." United States ex rel. Jimenez v. Health Net, Inc., 400 F.3d 853, 855 (10th Cir. 2005). The magistrate judge notified Georgacarakos that his pleading failed to comply with Local Rule 8.2(A) and he had 30 days to cure the deficiency. Additionally, Georgacarakos was granted a 30-day extension to re-file. Rather than comply with the district court's order and file the proper form, Georgacarakos filed a "Motion to Join Civil Actions," on August 27, 2009. ROA at 43. The district court denied that motion and reminded Georgacarakos that he was required to use the proper form, but Georgacarakos never re-filed the complaint using the proper form. The district court provided Georgacarakos with clear notice of the local rule and the likely consequence of his failure to comply with the local rule. Georgacarakos had ample opportunity to comply with the minimal requirements of using the court-approved form.

Moreover, Georgacarakos has not provided any excuse for his noncompliance with the district court's order and the local rules; instead, he contends that his complaint was sufficient, and the district court failed to rule on his motion to join the civil action. These contentions are contradicted by the record, and they do not excuse his failure to comply with the district court's order and the local rules. We conclude that the district court did not abuse its discretion in dismissing the action without prejudice, based on the violation of Local Rule 8.2(A).

4

We AFFIRM the district court's dismissal without prejudice of Georgacarakos's complaint. His motion to proceed without prepayment of costs or fees is GRANTED. Georgacarakos is reminded of his continuing obligation to make partial payments until the entire fee has been paid.

Entered for the Court


Mary Beck Briscoe
Circuit Judge