FILED
United States Court of Appeals
Tenth Circuit

May 24, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WARREN DANIEL CLINTON, Real
Party in Interest, Ex Parte, Florida,
(Foreign State), ex rel.,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 11-1486

(D. Colorado)

(D.C. No. 1:11-CV-002250-LTB)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Applicant Warren Daniel Clinton, a prisoner at the Federal Correctional

Institution Administrative Maximum in Florence, Colorado, filed on August 26,

2011, a pro se application for habeas relief under 28 U.S.C. § 2241 in the United

States District Court for the District of Colorado. The district court dismissed the

action without prejudice because Applicant failed to comply with a court order

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

instructing him to file pleadings on court-approved forms.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm because Applicant's brief on appeal does not challenge the basis of the dismissal.

Applicant's § 2241 application requested that he "be, 'Removed' From the UNITED STATES OF AMERICA, and, 'Deported' to my native country of birth, the country of Florida" and that the court "enforce[] . . . my preferred maritime Lien."  R. at 11.  Neither the application nor Applicant's motion to proceed under 28 U.S.C. § 1915 were on the current court-approved forms, as required by D. Colo. Civ. R. 8.2(A).  Also, the § 1915 motion did not include a certificate of the current balance in his prison account.  The magistrate judge issued an order directing Applicant (1) to resubmit on court-approved forms both his § 2241 application and his motion to proceed under § 1915 and (2) to file a current certified copy of his prisoner's trust-fund statement.  The order warned that a failure to comply within 30 days would result in dismissal of his case.  Although Applicant filed several documents within the 30-day window, none were even colorably responsive to the judge's order.  As a result, the district court dismissed the action without prejudice under Fed. R. Civ. P. 41(b).  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (district court may sua sponte dismiss action under Fed. R. Civ. P. 41(b) for failure to comply with court order).

Applicant's brief on appeal asks us to appoint him "'Special Counsel' under Title 8 U.S.C. 1535(c)(2)(B) 'Special Attorney For Alien,' and [] release

[him] under Title 8 U.S.C.A. 1537(a)(1)(2)," claiming that under "Title 8 U.S.C.A. 1537(a)(1)(2) 'If a judge denies Removal the Alien shall be released From custody.'" Aplt. Br. at 2–3. Even liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the brief fails to contain an argument challenging the basis for the district court's dismissal of his application. We can affirm based solely on this failure. *See Morris v. Noe*, 672 F.3d 1185, 1193 (10th Cir. 2012) (An "argument insufficiently raised in the opening brief is deemed waived." (internal quotation marks omitted)); *Starkey ex rel. A.B. v. Boulder Cnty. Social Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling.").

Moreover, the district court properly exercised its discretion in dismissing the application. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Olsen*, 333 F.3d at 1204 (Rule 41(b) dismissals reviewed for abuse of discretion); *Georgacarakos v. Watts*, 368 F. App'x 917, 918–19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing without prejudice a prisoner's complaint for failure to comply with order to use court-approved form); *Kosterow v. U.S. Marshal's Serv.*, 345 F. App'x 321, 322–23 (10th Cir. 2009)

(same); Fed. R. Civ. P. 83(a)(2) (local rule may impose a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply").

We AFFIRM the district court's dismissal and DENY Applicant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge