**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GERARD M. PIERRE,

        Plaintiff – Appellant,

v.

AURORA LOAN SERVICES, LLC;
AURORA BANK FSB; AURORA
COMMERCIAL CORP.; DALE &
DECKER, INC.; CITIGROUP, INC.;
CITIMORTGAGE, INC. ("Citi");
JACOB J. LEW ("Lew"), in his
capacity as United States Secretary of
the Treasury; UNITED STATES
DEPARTMENT OF THE
TREASURY; THOMAS J. CURRY
("Curry"), in his capacity as
Comptroller of the Currency; THE
OFFICE OF THE COMPTROLLER
OF THE CURRENCY; MICHAEL E.
FINN ("Finn"), in his capacity as
Regional Director; THE OFFICE OF
THRIFT SUPERVISION;
ALLONHILL, LLC.; SUE ALLON
("Allon"), in her capacity as Chief
Executive Officer; PROMONTORY
FINANCIAL GROUP; EUGENE
LUDWIG ("Ludwig"), in his capacity
as Chief Executive Officer; RUST
CONSULTING, INC.; and KYLE
BERNARD ("Rust"), in his capacity
as General Counsel,

        Defendants – Appellees.

No. 14-1375

D. Colorado

(D.C. No. 1:14-CV-01572-LTB)

---

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and appellant, Gerard M. Pierre, appeals the dismissal of his action, without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure. For the following reasons, we affirm that dismissal.

Mr. Pierre's property, located at 10176 Park Meadows Drive #2405 in Lone Tree, Colorado, was foreclosed by defendant and appellee Aurora Loan Services, LLC, in September of 2009. Mr. Pierre, proceeding *pro se*, initiated the instant action on June 4, 2014, by filing a complaint against the defendants, a number of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

entities including the Aurora-related defendants[1], CitiMortgage, Inc.; Allonhill, LLC d/b/a Stewart Lender Services; Promontory Financial Group, Inc.; Rust Consulting, Inc., and numerous other individuals ostensibly in their official capacities, including: Jacob J. Lew (in his capacity as United States Secretary of the Treasury); Thomas J. Curry (in his capacity as Comptroller of the Currency and Chief Administrator of National Banks); Michael E. Finn (in his capacity as Regional Director of the Office of Thrift Supervision); Sue Allon (in her capacity as Chief Executive Officer of Allonhill, LLC d/b/a Stewart Lending Services); Eugene Ludwig (in his capacity as Chief Executive Officer of Promontory Financial Group); and Jedd Keith (in his capacity as General Counsel of Rust Consulting, Inc.).

Mr. Pierre's initial complaint was 108 pages long, included more than seventy additional pages of exhibits, and purported to assert fifteen claims for relief. Against the Aurora-related defendants, the complaint included claims for "Unsafe or Unsound Banking Practices," "Deprivation of Procedural Due Process," "Wrongful and Illegal Foreclosure," and "Breach of Contract Intended Beneficiaries." 6/4/2014 Complaint at 1; Supp. R. Vol. 1 at 6. The Complaint sought "civil money damages and penalties" and "punitive damages" to "punish

---

[1]The Aurora-related defendants include Aurora Loan Services, LLC, Aurora Bank FSB, and Aurora Commercial Corp. The Defendants aver that Aurora Bank FSB has merged with Aurora Commercial Corp.

defendant according to the degree of culpability." Id. at 103; Supp. R. Vol. 1 at 108.

On June 13, 2014, the district court ordered Mr. Pierre to file an amended complaint that complied with the pleading requirements of the Federal Rules of Civil Procedure. After noting the twin purposes of a complaint – to give the opposing parties fair notice of the claims against them and to allow the court to conclude that the allegations, if proven, show entitlement to relief– the court determined the complaint was "prolix." Order at 2; R. Supp. Vol. 1 at 188. The court further explained:

> Mr. Pierre fails to provide a short and plain statement of his claims showing he is entitled to relief because the complaint is prolix. In addition, despite the excessive length of the complaint, Mr. Pierre's vague and conclusory factual allegations do not provide fair notice of the specific claims he is asserting against each named Defendant.

Id. The court directed Mr. Pierre to file an amended complaint that "clarifies his claims in this action. He must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights." Id. at 3; R. Supp. Vol. 1 at 189. The court also noted that, to the extent Mr. Pierre was asserting a federal constitutional claim pursuant to 42 U.S.C. § 1983, he had failed to "allege facts that demonstrate the named Defendants were acting under color of state law." Id.

The court accordingly gave Mr. Pierre thirty days in which to file a complaint complying with the Federal Rules of Civil Procedure. Mr. Pierre was further directed to obtain the court-approved complaint form. The district court informed him that failure to file a complying complaint would result in the dismissal of his action.

On July 24, 2014, Mr. Pierre filed an "Amendment of Complaint" which was forty-seven pages long and stated that Mr. Pierre "amends his preexisting complaint by substituting the below recast counts 1 through 15 in lieu of the prior counts 1 through 15 in plaintiff's preexisting complaint." Amendment of Complaint at 1; R. Supp. Vol. 1 at 191. The "Amendment of Complaint" continued to assert claims called "Unsafe or Unsound Banking Practices", "Deprivation of Procedural Due Process," "Wrongful and Illegal Foreclosure" and "Breach of Contract Intended Beneficiaries." Id. at 2-17; R. Supp. Vol. 1 at 192-207.

On July 31, 2014, the district court entered a second order again requiring Mr. Pierre to file an amended complaint using the court-approved form within thirty days. The court explained that the amended complaint was still prolix, failed to provide fair notice to the defendants of the specific claims asserted and did not comply with the pleading requirements of the Federal Rules. Mr. Pierre was therefore given another opportunity to obtain the court-approved form and file an amended complaint which complied with the pleading requirements of the

Federal Rules. The district court again cautioned Mr. Pierre that his failure to file a proper amended complaint would result in dismissal of his action.

On September 2, 2014, still without using the court-approved form, Mr. Pierre filed yet another amended complaint. This complaint was thirty-eight pages long and continued to assert some fifteen claims for relief. The claims against the Aurora-related defendants were labeled as follows: "Violation of 12 U.S.C. § 1818(b); and FIRIRCA; and FIRREA;" "Violation of 42 U.S.C. § 1983, and Rule 3.4 of the Colorado Rules of Professional Conduct, Fairness to Opposing Parties;" "Violation of 15 U.S.C. § 1641;" and "The Restatement (Second) of Contracts § 302 Intended Beneficiaries." Amended Complaint at 2-22; R. Vol. 1 at 7-27.

On September 8, 2014, the district court entered an order dismissing the action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The court noted that it was required to construe the amended complaint liberally because Mr. Pierre was not represented by an attorney, but it recognized that it was not obligated to act as Mr. Pierre's advocate. The court stated as follows:

> Mr. Pierre asserts fifteen claims for relief in the amended complaint that arise under federal and state law. However, Mr. Pierre provides in support of his claims only vague and conclusory factual allegations that do not set forth a short and plain statement of his claims showing he is entitled to relief. As a result, Mr. Pierre fails to give Defendants fair notice of the specific claims being asserted against them.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." "In analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." Because Mr. Pierre fails to provide a clear and concise statement of the claims he is asserting, the Court finds that the amended complaint must be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Order of Dismissal at 3-4; R. Vol. 1 at 47-48 (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (further citations and quotations omitted). The court accordingly dismissed the amended complaint without prejudice.

The court also certified that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from its order would not be taken in good faith and the court therefore denied *in forma pauperis* ("*ifp*") status on appeal. Mr. Pierre appeals the district court's dismissal and seeks permission to proceed on appeal *ifp*.

We review the dismissal of an action under Rule 41(b) for an abuse of discretion. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007); Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003). Under the abuse of discretion standard, we will not reverse the lower court's decision unless we conclude the court made "a clear error of judgment or exceed[ed] the bounds of permissible choice in the circumstances." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007).

As the above recitation makes clear, the district court did not abuse its discretion in dismissing Mr. Pierre's action. Mr. Pierre repeatedly failed to comply with the court's orders, despite many opportunities to do so, and despite being specifically referred to the court-approved complaint form. Mr. Pierre argues the district court applied a too stringent standard to his *pro se* pleadings, and that his pleadings, in any event, were adequate. He also claims the court "ignores the record." Appellant's Br. at 15. Mr. Pierre appears to argue that, because the defendants stipulated to an extension of time in which to respond to his amended complaint, they somehow acknowledged that his pleadings were sufficient.

All of these arguments are meritless. The district court explained why Mr. Pierre's pleadings were deficient. We need not add anything to that clear explanation. The court accorded Mr. Pierre's pleadings the lenient analysis required for *pro se* litigants, but it properly declined to function as Mr. Pierre's advocate. And, neither the record nor the case law supports Mr. Pierre's argument that the defendants somehow conceded the adequacy of Mr. Pierre's pleadings or that any such concession demonstrates that the district court abused its discretion in dismissing this case.

In short, Mr. Pierre fails to convince us that the district court abused its discretion in dismissing this action without prejudice. We deny Mr. Pierre's

request to proceed on appeal *ifp* and we remind Mr. Pierre that all fees are due in full.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge