FILED
United States Court of Appeals
Tenth Circuit

**March 31, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GINA BLANTON,

     Plaintiff - Appellant,

v.

JASON DAVID YOUNG,

     Defendant - Appellee.

No. 25-1002
(D.C. No. 1:24-CV-03015-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Plaintiff Gina Blanton, proceeding pro se, appeals the district court's dismissal of her case.  ECF No. 8 at 1.  Plaintiff's complaint and opening brief appear to assert various constitutional and Colorado-state statutory claims against defendant Jason Young for "coerc[ing] an officer to take [Plaintiff's] child by police force without a warrant or imminent danger threat with the statement that a civil temporary order existed[,] [even though] [n]o Civil case has ever been filed by [Defendant] or in a court with jurisdiction."

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The District of Colorado dismissed her case without prejudice because she both repeatedly failed to file her complaint in a court-approved form and refused to either pay the relevant filing and administrative fees or submit a court-approved in forma pauperis motion.  It did so under the District of Colorado's Local Rule 5.1(c), which said that "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website[.]"  D. Colo. Civ. R. 5.1(c).

We review the district court's dismissal under its local rules for an abuse of discretion.  Murray v. Archambo, 132 F.3d 609, 610 (10th Cir. 1998) (citing Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir. 1991)).  Plaintiff does not respond to the reasons underlying the district court's dismissal in her appellate brief, focusing instead on her substantive claims.  She has therefore failed to show the district court erred in dismissing her case.  And as we have held, district courts can appropriately dismiss cases when parties have "repeatedly failed to comply with the court's orders, despite many opportunities to do so, and despite being specifically referred to the court-approved complaint form."  Pierre v. Aurora Loan Servs., LLC, 602 F. App'x 410, 413 (10th Cir. 2015); see also Georgacarakos v. Watts, 368 F. App'x 917, 918–19 (10th Cir. 2010).  Nothing in this case warrants departing from this rule.[1]

---

[1] Plaintiff also moved for leave to proceed in forma pauperis and for a default judgment against Defendant.  ECF Nos. 9, 10.  We deny both motions.

2

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge