**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARILOU BROWN,

        Plaintiff-Appellant,

v.

DIRK KEMPTHORNE,[*] Secretary of
the United States Department of the
Interior,

        Defendant-Appellee.

No. 05-6392

(W.D. Oklahoma)

(D.C. No. CIV-05-211-R)

---

**ORDER AND JUDGMENT**[**]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

On February 22, 2005, Marilou Brown filed suit in federal district court,

---

    [*]Pursuant to Fed. R. App. P. 43(c)(2), Dirk Kempthorne, Gale A. Norton's
successor, has been automatically substituted as a party to this appeal.

    [**] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

alleging that her former employer, the United States Fish and Wildlife Service ("USFWS"), discriminated against her in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-16(c). The district court granted USFWS's motion to dismiss the suit with prejudice after it concluded the complaint was not timely or subject to equitable tolling. The court later denied her motion to reconsider. Ms. Brown, proceeding pro se, appeals the dismissal of her complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

"A federal employee who claims that he was the victim of illegal employment discrimination may bring a claim in district court under Title VII." *Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997). "As a prerequisite to his suit, the federal employee must file an administrative complaint concerning his allegations, and he may not bring his suit more than ninety days after receiving a final decision from either his employing agency or from the [Equal Employment Opportunity Commission ('EEOC')]." *Id.*; *see* 42 U.S.C. § 2000e-16(c) (explaining the requirement for filing a civil action within 90 days).

Ms. Brown worked as a federal law enforcement officer for the USFWS from June 1995 until her termination in August 1998. She contends that several USFWS supervisors discriminated against her on the basis of gender. She filed an administrative complaint detailing her allegations. In late 2001, she received a final agency decision dismissing the charge. On December 10, 2001, Ms. Brown filed a timely complaint raising her Title VII claim in federal district court in

-2-

Nevada. In April 2002, that case was transferred to federal district court in Oklahoma. On June 26, 2002, Ms. Brown filed another complaint in federal district court in Oklahoma based on the same allegations; the cases were consolidated. On February 23, 2004, both parties signed a Stipulation of Dismissal of the cases without prejudice. On February 22, 2005, Ms. Brown re-filed her complaint, which is the subject of this appeal.

After a careful review of the parties' briefs and the record on appeal, we affirm the dismissal of Ms. Brown's suit for substantially the same reasons as set forth in the district court's order. The statute of limitations barred Ms. Brown's re-filed complaint, which was clearly not filed within 90 days of her receipt of the final agency decision. "[T]he filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII." *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991). We also agree with the court that equitable tolling is not warranted. Ms. Brown has presented no evidence to support her assertion that she was misled to believe her case would be timely if re-filed within one year. Finally, Ms. Brown cannot rely on Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, to avoid the 90-day statute of limitations. The state's savings statute is not applicable to federal claims. *Brown*, 926 F.2d at 961.

Accordingly, we AFFIRM the district court.

Entered for the Court,

Robert H. Henry
Circuit Judge