**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAN CALLAHAN,

     Plaintiff - Appellant,

v.

COMMUNICATION GRAPHICS, INC.

     Defendant - Appellee.

No. 16-5011
(D.C. No. 4:13-CV-00816-TCK-FHM)
(N.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

## I.     BACKGROUND

Appellant Dan Callahan filed a pro se complaint in the United States District Court for the Northern District of Oklahoma, alleging that, while working for Appellee Communication Graphics, Inc. (CGI) his co-workers and supervisors "mistook [his] Attention Deficit Disorder [ADD] symptoms for old age, alcoholism and mental illness and intentionally harassed [him]." He also claimed his co-workers

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discouraged him from reporting a workplace neck injury and then retaliated against him for complaining and for filing a worker's compensation claim. Mr. Callahan further asserted he "was sexually harassed for about five years" while working for CGI. The district court construed the complaint to include six claims: (1) ADA hostile work environment (based on Mr. Callahan's ADD); (2) wrongful termination (based on Mr. Callahan's neck injury); (3) ADA retaliation; (4) state-law worker's compensation retaliation; (5) Title VII sexually hostile work environment; and (6) Title VII retaliation.

On September 2, 2015, the district court granted summary judgment as to the following claims: ADA hostile work environment, ADA retaliation based on Mr. Callahan's ADD, Title VII sexually hostile work environment, and Title VII retaliation. Thus, the claims remaining for trial were Mr. Callahan's ADA wrongful termination claim based on his neck injury, his ADA retaliation claim based on his neck injury, and his worker's compensation retaliation claim.

On September 9, 2015, Mr. Callahan moved to continue the trial, the pretrial conference, and the deadline for filing the pretrial order. The district court continued the pretrial conference to October 7, 2015, but kept the existing October 19, 2015, trial date and all other deadlines. On October 7, Mr. Callahan for the first time retained an attorney who entered her appearance within an hour of the pretrial conference. Counsel moved for another continuance of the pretrial conference and trial, to provide "sufficient time to familiarize herself with th[e] case in order to adequately represent [Mr. Callahan]." The district court granted the continuance.

2

On October 22, 2015, Mr. Callahan fired his counsel. He then requested another continuance of the trial and pretrial deadlines. The district court rescheduled the pretrial conference to November 23, 2015, and the trial to December 7, 2015. And "[i]n order to ensure that [Mr. Callahan] understood he had to appear for the pretrial conference and that the Court would not grant further extensions, the Court's deputy personally spoke with [Mr. Callahan] about the pretrial conference set for November 23, 2015." Mr. Callahan nonetheless "called the district court around [November 19, 2015] to ask for a continuance." The court clerk informed Mr. Callahan that he needed to attend the pretrial conference to request a continuance in person.

But Mr. Callahan failed to appear for the November 23 pretrial conference. CGI moved to dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the district court granted the motion. The district court further explained that, by December 4, 2015, it would decide whether the dismissal would be with or without prejudice. On December 2, 2015, Mr. Callahan filed a motion under Rules 59(e) and 60(b), asking the court to reconsider its dismissal order. Mr. Callahan explained that, in the weeks before the pretrial conference, his mother had a medical emergency that required Mr. Callahan to make arrangements for her care. He was therefore "exhausted" and also "missed the pretrial conference because [he] thought that it was on Tuesday [November 24, 2015]" instead of Monday, November 23, 2015. The district court denied Mr. Callahan's motion to reconsider and dismissed the case with prejudice. We affirm this decision.

3

## II. DISCUSSION

Mr. Callahan raises eight issues on appeal. In addition to challenging the district court's dismissal under Rule 41(b) and its denial of the motion to reconsider, Mr. Callahan argues the district court erred in excluding evidence, moving the trial date, denying a motion for contempt, granting summary judgment on the ADA hostile work environment claim, and denying Mr. Callahan's September 9, 2015, request for a continuance. We address each issue in turn.

### A. *Dismissal Sanction*

We review for abuse of discretion the district court's decision to dismiss Mr. Callahan's case based on his failure to appear for the pretrial conference. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). When the district court dismissed the case, it relied on Rule 41(b), which permits dismissal as a sanction "[i]f the plaintiff fails to prosecute or to comply with [court] rules or a court order." Fed. R. Civ. P. 41(b). Rule 16(f) also permits a district court to dismiss a case if a party "fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A).

Although dismissal "should be imposed only after careful exercise of judicial discretion," it "is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case . . . . Such sanctions may include dismissing the party's case with prejudice . . . ."). Indeed, the Supreme Court has

4

held that "the failure to appear at a pretrial conference may, in the context of other evidence of delay, be considered by a District Court as justifying a dismissal with prejudice." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 635 (1962).

Before dismissing a case as a sanction, a district court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (alterations, citations, and internal quotation marks omitted). Mr. Callahan maintains that the dismissal of his case must be reversed because the district court did not adequately consider the above factors. But, to support his position, Mr. Callahan merely states that "it seems" that the district court did not consider his reasons for missing the pretrial conference—in particular, his mother's health and his mistake about the date—and did not account for the prejudice to his case caused by CGI's alleged discovery abuses. Beyond this statement, however, Mr. Callahan has not identified any deficiencies in the district court's decision that constitute an abuse of discretion.

On the contrary, the district court specifically addressed the *Ehrenhaus* factors and explained why they weighed in favor of dismissal. First, as the district court recognized, CGI experienced prejudice resulting from Mr. Callahan's delays and failure to appear. CGI twice prepared for the pretrial conference and appeared for the

5

conference only to have Mr. Callahan request a last-minute continuance on October 7, 2015, and then fail to appear altogether at the November 23 conference. CGI also prepared a pretrial conference order without Mr. Callahan's participation.

In addition, Mr. Callahan's failure to appear continued a pattern of action that impeded the judicial process. As the district court explained,

> This Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status. The Court deemed his second Complaint timely after he sued under the wrong statutes and then re-filed his case. The Court construed his briefs liberally and denied summary judgment on some of his claims. Although reluctantly, the Court granted a continuance on the eve of trial and rescheduled the trial based on Plaintiff's late-hour retention of counsel. Yet Plaintiff could not get along with that attorney, fired her, and sought further continuances after her withdrawal. When the Court failed to grant these continuances, Plaintiff failed to appear at the pretrial conference despite a personal reminder from this Court in order to ensure his appearance. While Plaintiff states that he simply forgot, the Court finds that Plaintiff has no intention of proceeding to try this case *pro se* and that Plaintiff will continue requesting continuances or offering excuses for his inability to proceed to trial.

This statement is supported by the record, and Mr. Callahan does not challenge it in any way.

In addition, Mr. Callahan admits his culpability for failing to appear, although he attempts to excuse his absence. Mr. Callahan explained that he missed the November 23, 2015, pretrial conference because he was "exhausted" from preparing pretrial filings and because he mistakenly believed the conference was the next day on November 24, 2015. But Mr. Callahan's only reason for mistaking the scheduled date was that he "neglected to check the pretrial conference date more than the few times [he] did when [he] first got the Court Order." This type of error does not

excuse Mr. Callahan's culpability for missing the pretrial conference and does not weigh against dismissal as a sanction. *See Jimenez*, 400 F.3d at 856 ("Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.").

With respect to notice, the district court did not warn Mr. Callahan that his case might be dismissed if he failed to appear at the pretrial conference, but the court clerk specifically told Mr. Callahan that he needed to appear. Moreover, the *Ehrenhaus* factors "do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." 965 F.2d at 921. In *Link*, the Supreme Court affirmed a district court's dismissal of a case where the plaintiff failed to attend a pretrial conference and called the day of the conference to request a continuance. 370 U.S. at 633. Although the district court had not given notice to the plaintiff before dismissing the case, the Court stated that the absence of notice did not "necessarily render such a dismissal void" and affirmed the dismissal. *Id.* at 632; *see also Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995) (explaining that although no warning had been given, this fact did not undermine the court's consideration of the other *Ehrenhaus* factors). Similarly, the lack of notice here is not dispositive.

7

Finally, the district court concluded that lesser sanctions would not suffice. The district court explained that Mr. Callahan's behavior demonstrated a pattern of requesting continuances to avoid trial. The record supports this conclusion: Mr. Callahan hired counsel the day of the original pretrial hearing and sought a continuance based on the assertion that counsel needed time to prepare; he then fired his counsel about two weeks later and sought another continuance; when the district court reset the pretrial conference, Mr. Callahan called a few days before the scheduled conference to request a continuance; and when the clerk informed Mr. Callahan that he would have to make his request in person, he failed to appear. The district court acted within its discretion to end this continuing delay. *See Link*, 370 U.S. at 633 (finding no abuse of discretion where the party's counsel missed the pretrial conference because he was preparing papers for filing and where he had exhibited a pattern of dilatory conduct). Moreover, the district court correctly concluded that a dismissal without prejudice would be futile because at least some of Mr. Callahan's claims would be time barred if dismissed and refiled. *See Brown v. Kempthorne*, 190 F. App'x 590, 591 (10th Cir. 2006) (unpublished) (explaining that Title VII claims must be filed within ninety days of receipt of the EEOC's final decision and dismissal without prejudice does not toll the limitations period).

Considering all of the above factors as applied to Mr. Callahan's case, the district court did not abuse its discretion when it determined that dismissal was the appropriate sanction for failure to appear at the pretrial conference.

**B.** *Rules 59(e) and 60(b)*

Mr. Callahan also appeals the district court's denial of his motion to reconsider, filed under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. We review such decisions for abuse of discretion. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 992 (10th Cir. 1999); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

A Rule 59(e) motion may be granted only if the movant establishes: (a) an intervening change in controlling law, (b) the availability of new evidence, or (c) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Similarly, relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). When Mr. Callahan filed his motion, he did not identify legal changes, new evidence, clear error, manifest injustice, or exceptional circumstances that would warrant reconsideration. Rather, he merely alleged he missed the pretrial conference due to "excusable neglect" because he made a mistake about the date. Mr. Callahan's oversight does not provide a basis to reverse the district court's decision. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief . . . .").

## C. *Merits*

Mr. Callahan further asserts that the district court failed to "properly consider[] the merits of [his] case while making its decision to dismiss." But Mr. Callahan has not identified any authority which requires the district court to assess the merits of a particular case before ordering dismissal as a sanction under Rule 41(b) or Rule 16(f). And as explained above, the district court considered the required factors before dismissing Mr. Callahan's case. It therefore did not err by failing to evaluate the merits of each claim.

## D. *Exclusion of Evidence*

In Mr. Callahan's statement of issues, he questions "[w]hether [the] district court erred when it excluded some of [his] evidence." And in a supplemental brief, Mr. Callahan asserts he may be able to authenticate exhibits stricken by the district court. But beyond a few isolated sentences to this effect, Mr. Callahan has not identified specific evidence excluded by the district court, the reason for exclusion, or the alleged error in the district court's decision. Moreover, Mr. Callahan's briefs contain no argument, no citations to the record, and no citations to relevant authority as required by Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure. Although we construe Mr. Callahan's arguments liberally based on his pro se status, we cannot assume the role of his attorney "by crafting arguments and performing the necessary legal research." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). Because Mr. Callahan has not adequately briefed this issue, it is waived. *Id.*

10

## E.  *District Court's Scheduling Decisions*

Mr. Callahan also challenges the district court's scheduling decision when it moved the trial date from December 21 to December 7, 2015, and moved the pretrial conference to November 23, 2015. He also claims the district court made these scheduling decisions because Mr. Callahan fired his attorney. Again, Mr. Callahan failed to provide any supporting argument or analysis. Such "conclusory allegations with no citations to the record or any legal authority for support" do not provide adequate briefing on appeal. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). Accordingly, this issue is also waived.

## F.  *Contempt*

As a sixth issue, Mr. Callahan contends the district court erred in denying his motion for contempt. We review this determination for abuse of discretion. *FTC v. Kuykendall*, 371 F.3d 745, 756 (10th Cir. 2004). Mr. Callahan provides very little analysis related to this issue, arguing only that CGI "withheld documents" and "failed to produce at least three things" as ordered by the district court, which necessitated several discovery motions. We question whether these minimal statements are sufficient to comply with the applicable rules. But even assuming the issue is not waived, we see no abuse of discretion here.

Mr. Callahan filed a motion to compel discovery on April 27, 2015, which was ultimately granted. Although Mr. Callahan maintains that CGI failed to comply with the district court's order, CGI produced the required information and documents. Indeed, when Mr. Callahan filed his motion for contempt on October 6, 2015—the

11

day before the October 7 pretrial conference—the district court summarily denied the motion. This decision was not an abuse of discretion.

### G.  *Dismissal of ADA Hostile Work Environment Claims*

Mr. Callahan also appeals the district court's grant of summary judgment on his ADA hostile work environment claim, a decision we review de novo. *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1182 (10th Cir. 2003). For the first time on appeal, Mr. Callahan argues this claim should have been construed as both a claim for ADA hostile work environment and as a state-law claim for intentional infliction of emotional distress. Because Mr. Callahan did not make this argument before the district court, we will not consider his challenge to the district court's construction of his claims. *McDonald v. Kinder-Morgan*, Inc., 287 F.3d 992, 999 (10th Cir. 2002) ("It is clear in this circuit that absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

With respect to Mr. Callahan's ADA hostile work environment claim, we conclude the district court did not err in granting summary judgment. ADA hostile work environment claims are analyzed under the same standards applied to similar Title VII claims. *See Lanman v. Johnson Cty.*, 393 F.3d 1151, 1156 (10th Cir. 2004) ("[W]e hold that a hostile work environment claim is actionable under the ADA."). Thus, the elements of such a claim are: (1) the plaintiff is a member of a protected group (i.e., he is "disabled" as defined by the ADA); (2) the plaintiff was subject to unwelcome harassment; (3) the harassment was based on the alleged disability; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or

12

privilege of the plaintiff's employment and created an abusive working environment. *See Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007) (listing elements of sexually hostile work environment claim).

The district court concluded Mr. Callahan failed to create an issue of fact as to the third element because there was no evidence that the alleged harassers were aware of Mr. Callahan's disability—his ADD—and, as a result, Mr. Callahan could not establish that the alleged harassment was based on his ADD. On appeal, Mr. Callahan refers to allegations in his complaint in which he states that people at CGI "may have believed [he had] a mental illness." But Mr. Callahan has not identified any *evidence* from which the trier of fact could conclude his co-workers knew of his disability and harassed him on that basis. Mr. Callahan's mere allegations without supporting evidence are not sufficient to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).

## H. *Denial of Request for Continuance*

As an eighth and final issue, Mr. Callahan asserts the district court failed to properly consider the appropriate factors before denying a request for continuance made on September 9, 2015. Mr. Callahan, however, merely states that the district court denied a continuance despite his stated reasons, which included Mr. Callahan's difficulty finding an attorney and alleged need for documents from CGI. Mr. Callahan does not provide argument or authority explaining why we should reverse the district court's decision as an abuse of discretion. We therefore deem the issue

waived. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

## III.   CONCLUSION

Because the district court did not abuse its discretion when it dismissed Mr. Callahan's case with prejudice and because Mr. Callahan has not otherwise demonstrated a basis for reversal, we affirm.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

14